1

2

3

4

5

6

7

8

9            UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
10                   AT TACOMA

11   ANTOLIN ANDREW MARKS,

12            Plaintiff,

13        v.                                    Case No. C07-5395RBL

14   UNITED STATES OF AMERICA *et al.*,         REPORT AND
                                                RECOMMENDATION
15            Defendants.
                                                **NOTED FOR:**
16                                              **September 21, 2007**

17

18        This 42 U.S.C. § 1983/Bivens action has been referred to the undersigned Magistrate Judge

19   pursuant to 28 U.S.C. § 636 (b) and local Rules MJR 3 and 4.  Plaintiff has filed a proposed

20   complaint and applied for *in forma pauperis* status (Dkt. # 1).  Plaintiff is incarcerated at the

21   Northwest Detention Center and is going through the process of deportation proceedings.  In the last

22   two years Mr. Marks has filed sixteen actions in this court and has proceeded *in forma pauperis* in

23   those actions.  Six of those actions have been dismissed and ten are currently pending before the

24   court.  In the month of July Mr. Marks filed four actions.

25        The court has reviewed this application to proceed *in forma pauperis* (Dkt. # 1).  The court

26   has also screened the complaint pursuant to 28 U.S.C. 1915 § (e)(2)(B).  The court recommends *in*

27

28   REPORT AND RECOMMENDATION- 1

1  *forma pauperis* status be denied for two reasons.  The first reason for denial is that Mr. Marks has

2  $811 dollars in checks and money orders available to him.  Thus, he is not indigent.  The second

3  reason is that several of the causes of action in the proposed complaint are duplicative of previously

4  dismissed claims in other actions, claims that are currently pending, or are claims that could have

5  been brought in the other actions.  Thus, the claims are frivolous and malicious as defined by cases

6  interpreting 28 U.S.C. 1915 § (e)(2)(B).

7  　　The first reason for denial is relatively simple.  Review of his application to proceed *in forma*

8  *pauperis* reveals that Mr. Marks has $811.40 in his personal property in the form of uncashed checks

9  and money orders.  Thus, he is not indigent (Dkt. # 1).  The district court may permit indigent

10 litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigence.  *See* 28

11 U.S.C. § 1915(a).  However, the court has broad discretion in denying an application to proceed in

12 forma pauperis.  Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845

13 (1963).

14 　　Based on the above, the Court should deny plaintiff's application to proceed *in forma pauperis*.

15 Plaintiff has not shown that is unable to pay the full filing fee to proceed with his lawsuit.  The court

16 should direct Mr. Marks to pay the filing within 30 days of the court's order and if he fails to pay the

17 filing fee the clerk should be directed to dismiss this matter.

18 　　The second reason for denial is Mr. Marks raising causes of action that have been dismissed,

19 are currently pending, or could have been brought in prior litigation.  Mr. Marks titles his proposed

20 73 page complaint "Everything and the Kitchen sink Bivens complaint" (Dkt. #1, proposed

21 complaint).  The title reflects Mr. Marks attempt to place a number of issues before the court.

22 Several of those issues have, or could have been litigated in prior actions.  One of the claims Mr.

23 Marks attempts to litigate is his attempt to send legal mail, 285 letters, to congress persons (Dkt. # 1,

24 proposed complaint, page 2 to 15).  This is the same issue Mr. Marks raises in Marks v Bennett *et*

25 *al.*, 07-CV-5372RBL/JKA.  Mr. Marks raises a claim alleging denial of confidential telephone calls

26 to counsel , and an inability to contact possible counsel using toll free numbers (Dkt. # 1, proposed

27 complaint pages 22 to 25 and pages 41 to 45).  This issue is currently pending in Hopper/Marks v.

28 REPORT AND RECOMMENDATION- 2

1   <u>Myers</u>, 05-CV-5680RBL/JKA.  Finally, Mr. Marks again raises issues surrounding the alleged

2   confiscation of birth certificates he attempted to obtain.  He raises this claim as "wrongful

3   imprisonment" (Dkt. # 1, proposed complaint, pages 35 to 40). Mr. Marks raised and litigated issues

4   concerning his birth certificate in <u>Hopper/Marks v. Clark</u> <em>et al.</em>, 06-CV-5282RBL.

5       A complaint is malicious when it duplicates allegations of another pending federal lawsuit.

6   <u>Pittman v. Moore</u>, 980 F.2d 994, 995 (5th Cir. 1993).  The reason the complaint is considered

7   malicious is because the court and defendants are forced to address claims and issues that are already

8   before the court.

9       Further, if a claim has been litigated and lost, or could have been raised under the facts of a

10  prior action and was not, raising the claim in a subsequent action is also malicious.  <u>Rein v. Providian</u>

11  <u>Financial Corp.</u>, 270 F.3d 895 (9th Cir. 2001).  The doctrine of res judicata precludes the court from

12  reaching the claim on the merits and there can be no proper purpose in bringing the claim a second

13  time.

14      Denial of <em>in forma pauperis</em> status is reviewed <em>de novo</em>.  If amendment could cure the defect

15  amendment should be allowed.  Here, one of the defects is plaintiff's moving to apply when he has

16  funds in the form of checks and money orders in his personal property.  Amendment would be futile.

17  The court recommends <em>in forma pauperis</em> status be **DENIED.**

18      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure,

19  the parties shall have ten (10) days from service of this Report to file written objections. <em>See also</em>

20  Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of

21  appeal.  <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule

22  72(b), the clerk is directed to set the matter for consideration on **September 21, 2007**, as noted in

23  the caption.

24      DATED this 28 day of August, 2007.

25

26                          <em>/S/ J. Kelley Arnold</em>
                           J. Kelley Arnold
27                          United States Magistrate

28  REPORT AND RECOMMENDATION- 3